[No. 20983.   Department One.   November 30, 1927.]

THE CITY OF SEATTLE, *Respondent,* v. NICK KRUGAR, *Appellant.*[1]

[1] INTOXICATING LIQUORS (47)—VARIANCE BETWEEN ALLEGATIONS AND PROOF—PLACE OF OFFENSE.  It is not a variance to charge the unlawful possession of intoxicating liquor at "206 5th South," in the city of S, and to prove possession at the back of the lot, appurtenant to the building thereon, so numbered; since the designation must be construed to refer to the premises, which included the building and its appurtenances.

Appeal from a judgment of the superior court for King county, Beals, J., entered October 30, 1926, upon a trial and conviction of unlawful possession of intoxicating liquor.   Affirmed.

*Fred C. Brown,* for appellant.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for respondent.

TOLMAN, J.—Appellant was charged with unlawful possession of intoxicating liquor in violation of an ordinance of the city of Seattle, and by a jury found guilty.   From a judgment and sentence, fixing the penalty as a fine of one hundred dollars and costs, he has appealed.

The only point urged here is that there was a fatal variance between the charge in the complaint and the proof.   The complaint, so far as material here, reads:

"That on the 26 day of July, 1926, at the city of Seattle, in said King county, Washington, the said defendant did commit a misdemeanor,—'Unlawful possession of Intoxicating Liquor,' as follows, to-wit:

"He, said Nick Krugar, at 206 5th South, and in the city of Seattle, King county, Washington, wilfully and unlawfully and contrary to the provisions of the

[1]Reported in 262 Pac. —.

ordinance hereinafter mentioned, did then and there have in his possession certain intoxicating liquor other than alcohol, all of which is contrary to Ordinance No. 49263, sections 4 and 17, of the city of Seattle, . . ."

The proof on the part of the city tended to show that appellant was seen to leave a rear door of his place of business, known as 206 Fifth Avenue South, and walk directly back into the back yard, a distance of some twenty to thirty feet, and there stoop down and pick up, from a cache or hiding place, what afterwards proved to be a half-pint bottle of moonshine whiskey. The officers, who had been in hiding, sprang out and accosted him as he turned to re-enter the building with the bottle, and, as they appeared, the appellant threw the bottle against a nearby wall and broke it. Four other half-pint bottles of moonshine whiskey were then found in the hiding place from which the appellant had removed the first bottle.

[1] The contention seems to be that the complaint charges the unlawful possession as occurring in the building known as 206 Fifth Avenue South, while the proof shows the possession, if any, to have been outside of the building.

If we consider the general charge of possession in the city of Seattle, King county, Washington, as limited and restricted by the particular allegations which follow,—"at 206 5th South"—still we think that description covers the premises so known, rather than the building only, which fronts on the street. The vacant space on the same parcel of ground directly in the rear of the building, with the building opening onto it, would be presumed to be appurtenant to the building, for the use of the occupant of the building and a part of the premises known by the number of the building, until the contrary is in some way made to

appear; and, of course, there was no evidence to the contrary.

We conclude that there was no variance and that the trial court did not err in denying the several motions based upon the theory of a variance.

The judgment is affirmed.

MACKINTOSH, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.